# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| United States of America<br>v.<br><br>AMANDA J. WIEGERS, dob xx-xx-86<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)     20-M- 606<br>)<br>)<br>) |

U.S. District Court
Wisconsin Eastern

JAN 1 7 2020

FILED
Stephen C. Dries, Clerk

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of    January 8, 2020    in the county of    Outagamie    in the
   Eastern    District of    Wisconsin    , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sections 841(a) and (b)(1)(C) and (b)(1)(B) and 18 U.S.C. Section 2<br><br>18 U.S.C. Sections 924(C) and 2 | Count One- On January 8, 2020, possessed with intent to distribute in excess of five grams of cocaine base in the form of "crack cocaine" a Schedule II controlled substance, and possessed with intent to distribute cocaine, a Schedule II controlled substance. Count Two- on January 8, 2020, possession of a firearm in furtherance of the drug trafficking charge. |

This criminal complaint is based on these facts:
See Attached affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

WI State Trooper I A Trofin
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Jan 17, 2020

*Judge's signature*

City and state:    Green Bay, Wisconsin      Honorable William Griesbach, District Court Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT & ARREST WARRANT

I.A. Trofin, being first duly sworn, states that:

**Background**

1. Your affiant has been employed by the Wisconsin State Patrol as a full time sworn law enforcement officer since 2011. Your Affiant is currently assigned as a Task Force Officer with Drug Enforcement Administration since July 2018. I have received training on federal drug investigations and also assisted with investigations involving violations of federal drug and firearms laws (Title 18, United States Code, §§ 922, and 924 and Title 21, United States Code, §§ 841and 846) and other related offenses.

2. During this time your affiant has attended training in the basics of drug investigations. Your affiant has received training in working with confidential informants, and interview and interrogation. Your affiant has interviewed suspects and confidential informants about their experiences and knowledge of gangs, drug use, and distribution. Through such experience, your affiant is familiar with the nature of drug trafficking, and the behavior and patterns of those involved in using and distributing controlled substances. Your affiant has worked with numerous informants in the investigation of drug trafficking to provide information and make controlled purchases of drugs. Your affiant is familiar with the street names of various drugs in Wisconsin, as well as the methods that are commonly used by drug dealers to package, ship and prepare controlled substances for sale or use in Wisconsin.

**Basis for Information in Affidavit**

3. The information contained in this affidavit is based upon my personal knowledge and investigation, and information supplied to me by other law enforcement officers including the

1

Wisconsin State Patrol and Outagamie County Sheriff Department, all of whom I believe to be truthful and reliable. Based on my investigation and the information supplied to me by other law enforcement personnel, I have probable cause to believe the following regarding Amanda J. Wiegers XX/XX/86.

**Facts Establishing Probable Cause**

4. On January 8, 2020, at approximately 12:12 am, WSP Trooper Poehlman stopped a Buick Enclave SUV for traveling 88 mph in a 70 mph limit zone while traveling on I41 in Outagamie County. Keith Scales was the driver and Amanda Wiegers was the front seat passenger. Wiegers had rented the vehicle from a business at the Appleton airport. Trooper Poehlman observed that both Scales and Wiegers appeared nervous, were smoking cigarettes, and stated they were returning home from the gas station. Wiegers denied that there was any contraband in the car but hesitated before answering and looked at her feet. Scales and Wiegers admitted that they were traveling 75 mph in the 70 mph zone. I know that even if the Scales/Wiegers' vehicle was traveling 75 mph it is still a violation of the traffic laws and justifies a stop of the vehicle.

5. Trooper Poehlman returned to his squad and learned that Scales was on probation for possession with intent to deliver a controlled substance. Based on Scales' prior record and nervousness, Trooper Poehlman called for a drug dog and handler. Backup officers and the drug dog arrived at approximately 12:20 am. After the drug dog alerted on the SUV, law enforcement searched the vehicle and found approximately $500 in the center console along with several cell phones. On the front passenger floor, next to Wiegers' feet, law enforcement recovered a black nylon lunch bag that contained the following: (1) .40 caliber S&W Springfield Armor handgun, serial #GM152324, loaded with 10 bullets in the magazine; (2) 5 baggies of crack/powder cocaine

2

weighing 27.7 grams, 23.6 grams, 9.4 grams, 6 grams and 1 gram; (3) three bags of THC edibles; (4) approximately 10 MDMA pills: (5) razor blade and pocket scale. Subsequent investigation showed that the baggies weighing 27.7 grams, 9.4 grams, and 1.1 grams tested positive as crack. This amount of crack cocaine is possessed with intent to distribute. The amount of cocaine totaled approximately 30 grams and is also consistent with intent to distribute. Law enforcement also seized several cell phones from the vehicle.

6. Law enforcement searched a cell phone associated with Wiegers. A search of that cell phone confirmed it is used and possessed by Wiegers. The cell phone included text messages from January 7, 2020, between Wiegers and another individual where Wiegers agreed to sell her a "half." I know that phrase means a one half ounce quantity of controlled substance. On January 8, 2020, another individual requested that Wiegers provide "a 20 sac till I get paid tomorrow." I know a "20 sac" refers to a $20 dollar quantity of controlled substance. On December 10, 2019, Wiegers advised another individual that "The gun is in the car don't speed.' Finally, Wiegers had several pictures of THC edibles on her phone from late December 2019. The THC edibles depicted appear to be the same edibles that were found in the black bag.

7. Based upon the foregoing information, I know there is probable cause to believe that Amanda J. Wiegers, distributed a mixture and substance containing cocaine base and cocaine, and also possessed with intent to distribute in excess of 28 grams of a mixture and substance containing crack cocaine, as well as cocaine all in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B), and Title 18, United States Code, Section 2. Further, I believe that Wiegers possessed a firearm in furtherance of drug trafficking offenses, contrary to Title 18, United States Code, Sections 924(c) and 2.

8. Because this affidavit is offered for the limited purpose of supporting the criminal complaint and arrest warrant for Amanda Wiegers, I have not set forth every fact known to me regarding this incident. Rather, I have included only those facts which I believe establish probable cause.

*Affiant Trooper I. A. Trofin*
Wisconsin State Patrol

Subscribed and sworn to before me
this _____ day of _____, 2020.

_____
Notary Public
My commission expires: _____

4